# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANDREA BRADLEY-CORNISH** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 17-243-JWD-RLB** |
| **ESSENTIAL FEDERAL CREDIT UNION, ET AL.** | |

## ORDER

Before the Court is Plaintiff's Third Motion to Compel Discovery Responses from Defendant Essential Federal Credit Union (R. Doc. 60) filed on June 14, 2018. Defendant Essential Federal Credit Union ("EFCU") filed its Response (R. Doc. 64) on July 5, 2018. Oral argument was held on August 10, 2018. (R. Doc. 78).

**I.     Background**

In her First Supplemental and Amended Complaint, Plaintiff alleges that she began her employment with EFCU as the Collections Manager on or about June 23, 2014. (R. Doc. 12 at 4). She further alleges that in August of 2016, she complained to Defendant Richard Williams, CEO, regarding EFCU's practices and policies pertaining to EFCU's failure to periodically adjust interest rates as required by law for certain Adjustable Rate Mortgages and ARM Home Equity Lines of Credit, and EFCU's violation of "the loan contracts by forcing members to take a principal reduction instead." (R. Doc. 12 at 4). In retaliation for her complaint regarding the failure to notify members of "this situation," and in violation of the Louisiana Whistleblower Act, Plaintiff alleges that she was placed on a Performance Improvement Plan, demoted to Collections Specialist, and ultimately, terminated on or about February 10, 2017. (R. Doc. 12 at 13).

Plaintiff also alleges that she suffered from malignant hypertension and clinical depression that necessitated extended absence from work pursuant to the Family Medical Leave Act. (R. Doc. 12 at 11). Plaintiff further alleges that EFCU's demotion and termination of her were in violation of the Americans with Disability Act as well as the FMLA. (R. Doc. 12 at 16-17).

Plaintiff seeks to compel EFCU to respond to her Third Set of Requests for Production of Documents.[1]

## II. Law and Analysis

### A. Legal Standard

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii)

---

[1] Plaintiff's Third Set of Requests for Production of Documents and EFCU's responses are not attached to the parties' briefing. R. Doc. 60-2 is the *Second* Set of Requests for Production of Documents. However, Plaintiff included what purports to be the request and EFCU's response in her Memorandum in Support (R. Doc. 60-1), and EFCU makes no assertion those responses are inaccurate. Thus, the Court will proceed under the assumption these representations are accurate.

2

the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rule 34 provides a party with 30 days after service of the discovery to respond or object. *See* Fed. R. Civ. P. 34(b)(2)(A). If a party fails to respond fully to discovery requests made pursuant to Rule 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

**B.     Analysis**

Plaintiff seeks to compel responses from EFCU to the following requests for production:

Request for Production No. 76

Please produce all documents relating to your reimbursement of members with paid-off loans referenced in CONFIDENTIAL EFCU-00525, including but not limited to any documents evidencing your reimbursement of said members and the date of the reimbursements.

Request for Production No. 77

Please produce all documents relating to your reimbursement of members whose loans were not yet paid-off as referenced in CONFIDENTIAL EFCU-00525,

3

> including but not limited to any documents evidence your reimbursement of said members and the date of the reimbursements.
>
> Request for Production No. 78
>
> Please produce all documents relating to Tammy Burt's visit onsite to help calculate the ARM interest refunds from 10/2/2016-10/5/2016, as referenced in CONFIDENTIAL EFCU-00525, including but not limited to emails, email attachments, calculations, and other documentation, prepared by Ms. Burt and/or any Essential officer, staff, or other personnel relating to this onsite visit.

(R. Doc. 60-1 at 2-3). EFCU objected to these requests on the grounds of relevance, asserting that individual loan documents are not relevant and disclosure is prohibited. (R. Doc. 60-1 at 2-4). Plaintiff states that EFCU produced an email dated September 27, 2017, whereas this litigation commenced in April of 2017, and that EFCU refuses to produce documents that "indicate when it refunded members, in what manner it refunded members, when Essential became aware of its failure to adjust interest rates, or any other information that may point to a violation of the law on Essential's part." (R. Doc. 60-1 at 5).

EFCU acknowledges in its Response that Plaintiff "takes issue with the way that Essential allegedly responded to the problem." (R. Doc. 64 at 1). Indeed, Plaintiff alleges that "instead of providing members the periodic automatic adjustable interest rates, Essential violated the loan contracts by forcing members to take a principle[sic] reduction instead." (R. Doc. 12 at 4). She also alleges that she "complained to Defendant-Williams that it was illegal to intentionally fail to disclose to the members impacted that Essential had failed to administer these ARM Mortgages and ARM HELOC loans as per the terms of the loans," and that "members needed to be notified of the problem and they should be allowed to choose whether they wanted to be paid back their money Essential had obtained by failing to adjust the loans." (R. Doc. 12 at 6).

To that end, the manner in which EFCU refunded members, including when and in what form, whether interest was paid, as well as when EFCU became aware of its failure to adjust interest rates are all relevant to the claims made in this litigation, and within the scope of discovery. At oral argument, counsel for Plaintiff suggested that he was aware of a chart that reflected the refunds provided to members pursuant to the overpayments made on the 83 loans at issue, but that it was difficult to establish the timing of those refunds, how they were calculated, and whether interest was paid on the overpayments. It is the Court's opinion that Plaintiff is entitled to the information sought by these requests, including but not limited to when the refunds were made, how they were calculated, in what manner they were given (i.e., reduction in principal or otherwise), whether interest was paid on the overpayments, and any other similar responsive information.

At the same time, EFCU again objects to the production of individual loan documents, and the Court is sensitive to the protection of member-specific information to the extent possible. EFCU has acknowledged its failure to adjust the interest rates in briefing and at oral argument, and has asserted that the issue was addressed at the aggregate level. To that end, as set forth in this Court's prior Order (R. Doc. 80) on Plaintiff's first Motion to Compel, the parties are to meet and confer to ascertain whether they are able to establish stipulated facts, whether it be by way of admissions, affidavit, or otherwise, that would alleviate the need for the production of individual loan documents or member-specific information.

Accordingly, to the extent EFCU has documents at the aggregate level that would be responsive to Plaintiff's Request for Production Nos. 76-78, those documents shall be produced within fourteen (14) days of the date of this Order. The Court will not order production of any responsive individual loan documents at this time, and the parties are to promptly meet and

confer regarding the possibility of establishing stipulated facts that would alleviate any need for relevant individual loan documents. Nothing in the Court's ruling today precludes the possibility of an order requiring the disclosure of individual loan documents at a later date should the parties be unable to resolve the issue by way of stipulation or otherwise.

### III. Conclusion

Based on the foregoing,

**IT IS FURTHER ORDERED** that Plaintiff's Third Motion to Compel (R. Doc. 60) is **GRANTED IN PART AND DENIED IN PART** in accordance with the body of this Order. Defendant shall have fourteen (14) days from the date of this Order to provide to Plaintiff either (1) a supplemental responses as set forth above; and/or (2) a certification of the completeness of any prior responses.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on August 24, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**