# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ANDREA BRADLEY-CORNISH**　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**NO. 17-243-JWD-RLB**

**ESSENTIAL FEDERAL CREDIT UNION, ET AL.**

## ORDER

Before the Court is Plaintiff's Motion to Compel Discovery Response from Defendant Richard Williams and Request for Expedited Consideration at Currently Scheduled August 10, 2018 Hearing (R. Doc. 77) filed on August 1, 2018. Defendant Richard Williams filed his Response on August 22, 2018. (R. Doc. 84).

## I.　Background

In her First Supplemental and Amended Complaint, Plaintiff alleges that she began her employment with EFCU as the Collections Manager on or about June 23, 2014. (R. Doc. 12 at 4). She further alleges that in August of 2016, she complained to Defendant Richard Williams, CEO, regarding EFCU's practices and policies pertaining to EFCU's failure to periodically adjust interest rates as required by law for certain Adjustable Rate Mortgages and ARM Home Equity Lines of Credit, and EFCU's violation of "the loan contracts by forcing members to take a principal reduction instead." (R. Doc. 12 at 4). In retaliation for her complaint regarding the failure to notify members of "this situation," and in violation of the Louisiana Whistleblower Act, Plaintiff alleges that she was placed on a Performance Improvement Plan, demoted to Collections Specialist, and ultimately, terminated on or about February 10, 2017. (R. Doc. 12 at 13).

Plaintiff also alleges that she suffered from malignant hypertension and clinical depression that necessitated extended absence from work pursuant to the Family Medical Leave Act. (R. Doc. 12 at 11). Plaintiff further alleges that EFCU's demotion and termination of her were in violation of the Americans with Disability Act as well as the FMLA. (R. Doc. 12 at 16-17). Plaintiff seeks a "sufficient and complete response" to her Request for Production No. 1 propounded to Richard Williams, a Defendant in this litigation.

## II. Law and Analysis

### A. Legal Standard

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rule 34 provides a party with 30 days after service of the discovery to respond or object. *See* Fed. R. Civ. P. 34(b)(2)(A). If a party fails to respond fully to discovery requests made pursuant to Rule 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

**B.     Analysis**

Plaintiff seeks an order compelling Richard Williams to respond to the following:

Request for Production No. 1

Please produce a complete copy of your employment contract(s) or employment agreement(s) with Essential Federal Credit Union in effect during the time period January 1, 2016 – February 10, 2017. You may redact any numbers or words in the document(s) that show the precise dollar amount of your compensation.

(R. Doc. 77-1 at 2). Defendant Williams objected to this request on the grounds of relevance. (R. Doc. 77-1 at 2). Plaintiff argues that the information sought is relevant to whether Williams is an "employer" as defined by the Family Medical Leave Act ("FMLA"). Williams responds that his employment contract would not reveal whether he exercised any control over the decision to terminate Plaintiff's employment, and asserts that he maintains a privacy interest in his employment arrangements with EFCU. (R. Doc. 84 at 2-4).

3

Plaintiff has alleged that Defendant Williams is "made co-defendant herein in his personal capacity only with respect to the FMLA." (R. Doc. 12 at 2). She also alleges that "Mr. Williams exercised control over Bradley-Cornish in the decision to terminate Bradley-Cornish's employment" and that "Mr. Williams is being sued in his personal capacity for violating the FMLA and is a person included in the term 'employer' pursuant to 29 U.S.C. § 2611(4)(A)(ii)(I)." (R. Doc. 12 at 3). In their answer, Defendants "admit that Williams is Essential's President and Chief Executive Officer and that he resides in Baton Rouge, Louisiana," but "otherwise deny the allegations contained in ¶ 9 of plaintiff's Amended Complaint." (R. Doc. 18 at 2).

Regarding whether an individual may be an employer for purposes of FMLA, this district has stated the following:

> The Court also notes that, insofar as plaintiff seeks to assert claims pursuant to the Family Medical Leave Act against the individual defendants, "[t]he FMLA imposes liability upon *employers* that are subject to FMLA requirements." *Harville v.. Texas A & M University,* —— F.Supp.2d ——, 2011 WL 2295279 (W.D.Tex.2011) (emphasis added) (citing, *Hunt v. Rapides Healthcare Systems, LLC.,* 277 F.3d 757, 763 (5th Cir.2001)). An employer under the FMLA is "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(l). In determining whether an individual may be held liable as an employer under the FMLA, "[c]ourts consider whether a purported employer 'independently exercised control over the work situation.'" *Harville,* at 6 (quoting, *Donovan v. Grim Hotel Co.,* 747 F.2d 966, 972 (5th Cir.1984)). "This requires both a sufficient level of control and a nexus to the protected rights at issue as to each defendant." *Id.* (citing *Donovan,* at 972).

*Frazier v. Radio Shack Corp.*, 2012 WL 359716, at *3 (M.D. La. Feb. 2, 2012).

Plaintiff argues that the information sought by Request for Production No. 1 is necessary to establish that Defendant Williams is an "employer" for purposes of the FMLA. Defendants deny the allegation that Williams is an "employer" for purposes of the FMLA, and do not suggest that the document(s) sought by Plaintiff would not contain information relevant to that

4

determination. Nor has Defendant Williams stipulated or agreed to stipulate that he is an employer for purposes of the FMLA. Williams argues in briefing that "no employment contract will inform Cornish of whether Williams did, in fact, 'exercise control' of some type over the decision to terminate her employment." (R. Doc. 84 at 2).

Relevant to the inquiry at this stage in the litigation is not only whether Williams actually exercised any control over Plaintiff's termination, but also whether he had the power or authority to exercise that control. It is at least possible that the employment contract or agreement between EFCU and Defendant Williams in effect during the relevant period would reveal information useful to the determination of whether Williams can be considered an employer under the FMLA.

In addition, how and when Williams compensation was calculated is relevant to motive. As the Court noted at the August 10, 2018 hearing, if any bonuses Williams might have received or been entitled to receive were tied to revenue of EFCU, an inaccurate picture of revenue resulting from a reduction in principal as opposed to a return of overpayments with interest, and whether EFCU's remedy offered to borrowers violated any contractual obligations, would have some relevance as to whether Williams was biased or had a motive to silence Plaintiff. Lastly, while the Court is sensitive to the privacy concerns of Williams, the Court notes that there is currently a Protective Order in place (R. Doc. 20), and Plaintiff has specifically noted in her request that she is not seeking to obtain the "precise dollar amount of" compensation, and any such information may be redacted. (R. Doc. 77-1 at 2).

Based on the Plaintiff's allegations, the information sought by Request for Production No. 1 is relevant. Accordingly, Plaintiff's Motion to Compel Discovery Response from

Defendant Richard Williams (R. Doc. 77) is granted, and Plaintiff's request for expedited consideration of same is denied as moot.

## III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery Response from Defendant Richard Williams (R. Doc. 77) is **GRANTED** in accordance with the body of this Order. Defendant shall have fourteen (14) days from the date of this Order to provide to Plaintiff a supplemental response as set forth above.

**IT IS FURTHER ORDERED** that Plaintiff's request for expedited consideration is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on August 28, 2018.

                                            **RICHARD L. BOURGEOIS, JR.**
                                            **UNITED STATES MAGISTRATE JUDGE**